### W. W. Walling v. J. W. Hannig.

#### No. 6169.

1. **Parties.**—In a suit for debt against the husband the wife is neither a necessary nor proper party defendant when there is no prayer to subject the separate property of the wife to the payment of the debt.

2. **Husband and Wife—Contract.**—Marriage alone confers on the wife an agency to purchase necessaries for herself and children, if her husband fails to supply them. In a suit involving the liability of the husband, whether goods purchased by the wife were necessary or not is for the determination of the jury.

Appeal from Bexar. Tried below before Hon. Geo. H. Noonan.

The opinion states the case

*Oscar Bergstrom*, for appellant.—The charge should be responsive to the issues in the case, one of the issues being that the goods sued for had not been bought by the appellant or by any one authorized by him to buy them for him, and that the goods were necessaries furnished the wife and children in the absence or without the consent of the appellant, should by proper instructions have been submitted to the jury. The husband can not be sued for necessaries furnished to the wife and children during his absence or without his consent without joining the wife in the suit.

*H. E. Barnard* and *W. W. King*, for appellee.—The wife can not only bind the husband for necessaries furnished the wife and children, but can bind him for such things as are proper to his station in life, and in a suit therefor it is not necessary to join the wife unless her separate property is sought to be charged. Black v. Bryan 18 Texas, 453; 1 Pars. on Con., 287.

STAYTON, CHIEF JUSTICE.— During the months of February and March, 1885, many articles of house furnishing goods were sold by appellee to appellant, and in the month of July of the same year there was a further sale of one article of furniture.

The articles were all purchased by the wife of appellant, and were shown to be such things as were necessary to the family of a person in appellant's condition in life.

Some payments were made on the bill from time to time by the wife, but when payment was demanded of the husband he refused to make it and denied the authority of his wife to make the purchases.

About the 1st of April, 1886, the bill was presented to appellant, and soon afterwards this action was brought.

There is some conflict in the evidence as to whether appellant had directed appellee not to sell goods to his wife, but his own testimony tends to show if he gave such direction this was done after the sale and delivery of all the goods.

It is urged that this action could not be sustained unless the wife of appellant was made a defendant; but as this is not an action in which appellee is seeking to subject her separate estate to the payment of the debt she was neither a proper nor necessary party.

The court submitted to the jury the question, whether the goods purchased were necessaries, and informed them if they so found that they would find for appellee the sum claimed. There was no evidence before the jury which would have authorized a verdict for less than the sum claimed, and if the jury was of the opinion that the articles purchased were necessaries the authority of the wife to buy them is clear. If, however, it had appeared that the articles were not necessaries we do not see how appellant could avoid liability for their value. Marriage alone confers on the wife an agency under which she may buy necessaries for her-

self and children if her husband fails to do so, but a further agency may be presumed from the conduct of the parties.

As said by a distinguished English judge, "When a husband is living in the same house with his wife he is liable to any extent for goods which he permits her to receive there. She is considered as his agent and the law implies a promise on his part to pay the value. If they are not co-habiting, then he is in general only liable for such necessaries as from his situation in life it is his duty to supply her. But even when they are parted, if the husband has any control over goods improvidently ordered by the wife so as to have it in his power to return them to the vendor, and he does not return them or cause them to be returned, he adopts her act and renders himself answerable." Waithman v. Wakefield, 1 Campb., 120.

The evidence shows that the goods were used in his house for more than a year, and after he was fully advised that they had been bought by his wife on a credit he failed to return them or to offer to return them unless upon condition that appellee would return the partial payments made on the bill.

The evidence shows that appellant was present when a part of the goods were bought, that they were sent to his place of business, where he also resided, and that his wife had, before the goods in question were bought, bought other goods from appellee for which he had paid.

The first charge refused assumed that the goods for the value of which this action was brought were not necessaries furnished for appellant's wife and children, and was correctly refused, for that was a question of fact for the jury. There was not such evidence as would have authorized a finding that the goods were bought on the sole credit of appellant's wife, and the court correctly refused to charge upon that question.

The second charge requested and refused would have induced the jury to believe that to render appellant liable for the value of the goods they must have been bought by him or by some one to whom he had expressly given authority to make the purchase, and would have been misleading in view of the facts.

There were no facts that would have justified the giving of the fourth instruction asked by appellant, who did not while on the stand as a witness state that he had directed appellee not to sell goods to his wife. The only evidence looking in that direction, and it is in conflict with all other evidence, is that of appellant, who says that he returned a chair bought by his wife and then informed appellee that he would buy goods himself when he wanted them. The bill, however, shows that when the chair was returned all the goods had been bought.

There is no error in the judgment and it will be affirmed.

                                                    *Affirmed.*

Delivered April 26, 1889.