# FIFTH DISTRICT, 1895.

---

## S. J. WARTELSKY ET AL. V. MARY T. MCGEE ET AL.

### No. 623.

**Married Woman—Damages—Community Property—Parties.**—A suit on a liquor dealer's bond for the damages provided by statute for sale of liquor to a minor can not be maintained by a married woman joined only pro forma by her husband, since such damages are community property.

APPEAL from the County Court of Ellis. Tried below before Hon. B. M. DANIEL.

*W. H. Fears, J. M. King,* and *G. C. Groce,* for appellants.—A right of action such as is here attempted to be asserted is a community right of the husband and wife. That the husband is the proper party to assert such claims, and that the joinder of his wife with him in an attempt to assert them is reversible error, if seasonably objected to, is the settled law of this State. Ezell v. Dodson, 60 Texas, 331; Railway v. Burnett, 61 Texas, 638; Railway v. Bailey, 83 Texas, 19; McGuire v. Glass, 15 S. W. Rep., 127; Mevially v. Macklin, 67 Mo., 95; Wiggins Admr. v. Sweet, 6 Metc. (47 Mass.), 197; Lowrey v. Lowrey, 64 N. C., 110; Railway v. Levy, 54 Texas, 563; Wood's Mayne on Dam., 1 Am. ed., 74; Veon v. Creaton, 20 Atl. Rep., 865.

*D. F. Singleton* and *M. B. Templeton,* for appellee.—Under the Act of 1887, requiring retail liquor dealers to give bond, an action can be maintained by the mother—a married woman, joined pro forma by her husband—for a breach of said bond, said breach consisting in selling vinous, malt, or spirituous liquors to a minor son, living with her. Acts 1887, p. 59, sec. 4; McGuire v. Glass, 15 S. W. Rep., 127; 18 Am. and Eng. Encyc. of Law, 276; 23 Id., 416–420.

LIGHTFOOT, CHIEF JUSTICE.—Appellees concur in the following statement of the case by appellants:

"This action was instituted in the County Court of Ellis County, August 25, 1891, by Mary T. McGee, a married woman, joined pro forma by Isaac N. McGee, her husband, against S. J. Wartelsky and the sureties on his bond as a retail liquor dealer, to recover for alleged breaches of said bond, it being charged, that after making the bond sued on, and engaging in business under it, on or about the 20th day of May, 1891, and also on or about the 4th day of July, 1891, said Wartelsky, his agents, and employes, did permit N. P. McGee, the minor son of plaintiff, to enter and remain in the place of business of said Wartelsky, and did, on each of these occasions, give and sell intoxicating liquors to said minor; and judgment was prayed for in favor of said Mary T. McGee for $1000.

"Defendants answered by exceptions, general and special; the special exceptions, however, mostly presenting with more particularity matters which could be taken advantage of under the general exceptions; also by general denial, and by plea that if the facts were as charged, defendant Wartelsky and his agents and employes honestly believed, upon good grounds, that said N. P. McGee was over 21 years of age.

"Defendants' exceptions, which will be hereinafter more particularly noted, were overruled, to which rulings of the court exceptions were reserved, and at the April Term, 1893, a trial was had which resulted in a judgment in favor of said Mary T. McGee for $1000," from which Wartelsky appeals.

1. The first point which we deem it important to consider is raised under the second assignment of error, to the ruling of the court in refusing to sustain the following special demurrer: "First. From said petition it appears that Mary T. McGee is a married woman, and attempts to sue in her own right for the recovery of money, which, if recovered, would be community property of herself and husband, Isaac N. McGee, and upon a cause of action which, if it exists at all, is a community right of herself and her said husband; and it is not pretended or shown that any such state of facts exists as will authorize said Mary T. McGee to prosecute an action in her own right upon such community claim."

The petition on its face shows that the suit is brought by Mary T. McGee, joined by her husband, Isaac N. McGee. After setting out

the bond of defendant as a liquor dealer, in declaring a breach of such bond by sale of liquor to a minor, "the child of this plaintiff," and by permitting him to enter and remain in the place of business of such liquor dealer, the petition concludes as follows: "Wherefore, *plaintiff* brings this suit, and says *she* is entitled to recover $500 for each of said infractions of the said conditions of said bond, to wit, the sum of $1000, and that defendants are liable to *her* in said sum, and for which sum *she* asks judgment," etc.

This is clearly a suit by the wife for the recovery of damages for a breach of appellant's bond as a liquor dealer. It was treated by the court below as her suit. In the charge to the jury the court says: "Plaintiff sues defendants, alleging that defendant Wartelsky was a liquor dealer, and as such committed a breach of his bond by selling or giving to *her* son, N. P. McGee, intoxicating liquors. * * * If you believe from the evidence that plaintiff, *Mary T. McGee*, was on the date hereinafter named the mother of one N. P. McGee, a minor, * * * and that defendant Wartelsky did sell," etc., * * * "then you will find for plaintiff," etc. The verdict and judgment are in favor of Mary T. McGee.

The serious question presented to us is, that Mary T. McGee, being a married woman, and this not being a suit in or about her separate estate, can she maintain it? The recovery allowed by law on the liquor dealer's bond is called in the statute "liquidated damages." There is nothing in the statute making any such recovery the separate property of the wife. In the case of Railway v. Burnett, 61 Texas, 638, it is held, that in a suit for damages for personal injury to the wife, such recovery would be community property, and that the wife is neither a proper or necessary party to the suit. The judgment in the case was reversed, on the ground that the court below erred in refusing to sustain the special exception of the defendant below, which brought in question the right of the wife to join the husband. In the case of Middlebrook v. Zapp, 73 Texas, 29, where the husband joined the wife pro forma in a cause of action which the court held to belong to the community, Judge Henry said: "If this suit had been to recover damages to the community property she would have been an unnecessary and improper party, and exceptions to the petition on that ground, if made, ought to have been sustained when she could have been dismissed by amendment. If not excepted to, her misjoinder would not necessarily have been fatal to plaintiff's suit, if the cause of action declared upon had been alleged to belong to the community estate. Edrington v. Newland, 57 Texas, 634. * * * In this case the wife, having no cause of action, joins as *plaintiff* in the suit. The husband having one distinctly, declines to join as a real party. The proof clearly shows that the damages sued for belonged to the community estate, and were not the separate property of the wife. * * * The court below correctly charged the jury to find

for the defendant." See also Ezell v. Dodson, 60 Texas, 331; Railway v. Bailey, 83 Texas, 19.

This suit being brought by the wife upon a cause of action which is community property, it can not be maintained, and the court erred in overruling defendants' special demurrer.

This ruling renders it unnecessary to pass upon the remaining assignments of error; but we will notice the ninth assignment, in which complaint is made of the closing argument of appellees' counsel, in which he indulges in much abusive language towards appellant, calculated to prejudice his cause before the jury, and if there had been no other error committed upon the trial of the cause, the permission by the court of such language, over appellants' objection, would be sufficient of itself to require a reversal of the judgment. Such speeches, however appropriate upon the hustings, are not conducive to a fair and impartial trial in a court of justice, and should never be indulged.

For the errors mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 1, 1895.