HAMILL et al. v. SAMUELS.

(Court of Civil Appeals of Texas.   March 16, 1911.)

1. HUSBAND AND WIFE (§ 23*)—EMPLOYMENT —AGENCY.

Where a husband authorized his wife to employ a broker to sell the homestead and held her out as having authority to act, that she instructed a broker to sell the property for a sum less than the restrictions imposed by the husband did not invalidate the power to employ the broker, and, where he in good faith acted on the apparent authority of the wife and obtained a purchaser for the price fixed by her, he was entitled to his commissions.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 142–144; Dec. Dig. § 23.*]

2. ATTACHMENT (§ 217*) — JUDGMENT—JURISDICTION.

Under Rev. St. 1895, art. 214, providing that, when an attachment is issued from a county court, no order foreclosing the lien there-

by acquired should be necessary, but the judgment shall recite the issuance of the attachment and the levy, the county court may not render judgment foreclosing an attachment lien.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 735–752; Dec. Dig. § 217.*]

3. HOMESTEAD (§ 217*)—ATTACHMENT—FINDINGS.

Under Rev. St. 1895, art. 214, providing that on attachment in a county court the judgment shall recite the issuance of the attachment and the levy, which shall be sufficient to preserve the lien, a finding of the county court that an attachment issued and was levied is not a decree that the property is subject to sale, and, where the property is a homestead and it is attempted to be sold under execution, the owner has his remedy.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 735–752; Dec. Dig. § 217.*]

Appeal from Tarrant County Court; Chas. T. Prewett, Judge.

Action by A. W. Samuels against J. G. Hamill and another. From a judgment for plaintiff, defendants appeal. Reformed and affirmed.

See, also, 133 S. W. 419.

Smith & Lattimore and Theodore Mack, for appellants. Robert G. Johnson and Clifford G. Beckham, for appellee.

LEVY, J. The suit was brought by appellee to recover $400 as agreed commission for the sale of certain real estate. It is the main contention of appellant that he is not liable for the commission, because he 'never authorized his wife to list the property at the particular price and terms proposed by the purchaser offered by appellee. There is sufficient evidence, we think, to raise the issue of whether appellant had authorized his wife to employ a broker to sell the property. If she was authorized to employ, then she had the power to make the employment and terms of employment. The bare fact that she authorized and instructed the broker to sell the property for a sum less than instructed by appellant to have it sold for, the broker having no knowledge to the contrary, would not invalidate her power to employ the broker and agree on his compensation. By expressly authorizing her to employ the broker, appellant held her out as having authority to act and competent to bind him. And the broker had no knowledge of any restriction of price, and in good faith relied and acted upon the apparent authority of the agent. It is an elementary principle that the fact that the agent has exceeded his authority, as limited by private instructions, will not relieve the principal from liability therefor. The fact that the property to be sold was a homestead would not affect the question. The case was properly submitted to the jury, and their verdict is supported by evidence.

The court exceeded its authority in rendering judgment foreclosing the attachment lien. The power exists to merely recite the fact of the issuance and levy of the attachment. Article 214, Rev. St. 1895. The judgment in this respect will be reformed, and as reformed affirmed; appellee to pay costs of appeal.

The appellant contends that the evidence shows the property attached to be a homestead and not subject to such seizure. The county court is not, as ruled, empowered to foreclose the lien. It is only empowered to find the fact that such writ issued and was levied. This finding does not operate to decree that the property is legally subject to the levy and sale. The language of the statute that "such recital shall be sufficient to preserve such lien" merely assumes that the property is subject to seizure. If the property is a homestead and it is attempted to be sold under execution, appellant has his remedy in the proper tribunal.

We have considered all the assignments, and they are overruled.

The judgment is reformed and affirmed.