## NATIONAL LIFE & ACCIDENT INS. CO. v. CASAS et al.
### No. 2497.

Court of Civil Appeals of Texas. El Paso.

Feb. 19, 1931.

R. A. D. Morton, of El Paso, for appellant.

Sydney Smith and John W. Penn, both of El Paso, for appellees.

HIGGINS, J.

Appellee Luz R. Casas filed two suits in the justice court against appellant; one to recover $142.15, and the other to recover $154.80. In that court judgments were rendered in favor of the defendant, and the plaintiff appealed to the county court at law. In the latter court the plaintiff moved to consolidate the two cases, which motion was granted over the defendant's objection. The consolidated cases were tried before a jury, and upon findings returned judgment was rendered against the defendant for the full amount sued for, less an item of $28.35.

The suits were to recover premiums paid on life insurance policies issued by the appellant. Recovery was sought upon the theory that the policies were governed by the law of Mexico, were nullities under the law of that republic, and no risk ever attached.

See American Nat. Ins. Co. v. Smith (Tex. Civ. App.) 13 S.W.(2d) 720; American Nat. Ins. Co. v. Villegas (Tex. Civ. App.) 32 S.W. (2d) 1109; Nat. L. & A. Ins. Co. v. Smith (Tex. Civ. App.) 20 S.W.(2d) 142.

On the trial of the case in the county court at law, upon the cross-examination of the above-named plaintiff, it was developed that she was a married woman, whereupon the court allowed her husband, Abraham Casas, to be joined as a pro forma plaintiff and judgment was rendered in favor of Luz R. Casas, "joined pro forma by her husband."

There was no evidence that the premiums were paid by Mrs. Casas out of her separate estate, so the presumption is the payments were made out of the community funds. This being the case, the right of recovery was vested in the husband, and it was error to render judgment in favor of Mrs. Casas. Yellow Cab & Baggage Co. v. Smith (Tex. Civ. App.) 30 S.W.(2d) 697; Wartelsky v. McGee, 10 Tex. Civ. App. 220, 30 S. W. 69; Texas C. Ry. Co. v. Burnett, 61 Tex. 638.

The action of the court in consolidating the two cases presents no error, since the amount involved in the suit as consolidated was for an amount within the jurisdiction of the county court at law. Article 2160, R. S.; Thompson v. Dodge (Tex. Civ. App.) 210 S. W. 586.

324

The suits were filed in the justice court on November 13, 1929. Among other defenses set up by the appellant was the bar of the two years' statute of limitations. To this plea of limitation the plaintiff made no reply.

■■ With respect to the question of limitation, the record in the present case is the same as in American National Insurance Co. v. Villegas, supra. The jury found that plaintiff, by the exercise of ordinary care, could have ascertained before November 13, 1927, that the defendant had no permit to do business in Mexico, but, upon the erroneous view of the court that the action was governed by the four years' statute, this finding was disregarded. The court properly disregarded this finding because the issue was not presented by the pleadings. The finding was therefore immaterial, and could not properly form the basis of a judgment for either party. See the Villegas Case, supra. But in the state of the pleadings the appellant was entitled to a peremptory instruction denying recovery of the premiums paid before November 13, 1927, because the action was governed by the two years' statute of limitations. See the Villegas Case, supra.

■ The court did not err in admitting in evidence paragraphs 5 and 6 of a stipulation entered into in the district court of El Paso county, in National Life Accident Ins. Co. v. Smith et al. The facts agreed to in that stipulation were competent as admissions made by the appellant against its interest. Bilger v. Buchanan (Tex. Sup.) 6 S. W. 408; Warburton v. Wilkinson (Tex. Civ. App.) 182 S. W. 711; Jones on Evidence, §§ 681–683.

Supplementing the findings of the jury, the court made certain findings of fact; one to the effect that at the times covered by the transactions involved in the present suit the law of Mexico provided that any insurance company doing business in the republic of Mexico should first obtain a permit to do business there, and that any company doing business without having first obtained such permit, all policies, contracts, and transactions in connection therewith should be null and void and of no effect whatever, and that appellant had at no time complied with the laws of Mexico.

It is complained that this finding is unsupported by the evidence, and in the state of the record this proposition is sustained. The finding was manifestly based upon paragraphs 5 and 6 of the stipulation above mentioned, entered into in the case of National Life & Accident Insurance Co. v. Smith. That stipulation provided that at all times covered by the transactions involved in that suit the laws of Mexico provided, etc.

In the present suit there was no showing that the dates here involved corresponded with the dates referred to in the above-mentioned stipulation. There is therefore a failure of proof in the particular indicated and the court's finding unsupported by the evidence.

Other propositions submitted by the appellant relate to matters which should not arise upon retrial. We have not undertaken to discuss in detail or at length the various propositions submitted by the appellant. The views expressed above are sufficient for the guidance of the court upon retrial of the cause.

Reversed and remanded.