## INTERNATIONAL FORWARDING CO. v. SCHODTS MOTORS.

### No. 11897.

Court of Civil Appeals of Texas. San Antonio.

Oct. 27, 1948.

Rehearing Denied Nov. 24, 1948.

Brewer, Matthews, Nowlin & Macfarlane, of San Antonio, for appellant.

O. Shelley Evans and Chas. J. Lieck, both of San Antonio, for appellee.

NORVELL, Justice.

The judgment in this case will have to be reversed because of the exclusion of certain testimony proffered by the appellant.

Appellee, Schodts Motors, a partnership, sued International Forwarding Company, the delivering carrier, and alleged that Carver Pump Company had delivered to Poole Transfer Company, the initial car-

rier, 38 boxes and 17 cartons of motor parts consigned to appellee. It was further alleged that only 37 boxes and 17 cartons were delivered to appellee and that one of the boxes, containing motor bearing parts, had been lost in transit. The appellant contended in its pleadings that only 37 boxes of motor parts were delivered to the initial carrier.

In order to prove that all 38 boxes of motor parts had been delivered to the initial carrier, appellee used the testimony of R. D. Baillie, the purchasing agent of Carver Pump Company, whose deposition had been taken by the appellant. Baillie thereupon became appellant's witness. McCormick and Ray, Texas Law of Evidence, § 292, p. 378. Baillie produced a copy of the bill of lading issued by Poole Transfer Company, which listed 38 boxes and 17 cartons of motor parts consigned to Schodts Motors.

Cross-Interrogatories Nos. 9, 10 and 11, propounded to Baillie, and the answers thereto read as follows:

"Cross Interrogatory No. 9: Did the Carver Pump Company deliver to the Poole Transfer 38 Boxes and 17 Cartons of Motor Parts for shipment to Schodts Motors on April 1, 1947?

"Answer: Yes.

"Cross Interrogatory No. 10: Did the 38 boxes and 17 cartons of motor parts contain all of the items listed and described in Carver Pump Company Invoice No. 16690, dated April 1, 1947?

"Answer: Yes.

"Cross Interrogatory No. 11: Did such shipment of 38 boxes and 17 cartons contain, among other motor parts, 1423 No. A-6789 (A6798) main bearing sets?

"Answer: To the best of my knowledge, yes."

Thereafter appellant offered a number of the direct interrogatories, including Direct Interrogatory No. 7, which with the answer thereto reads as follows:

"Direct Interrogatory No. 7: Is it not a fact that on October 31, 1947, you wrote a letter on behalf of Carver Pump Company to Poole Transfer as follows:

" 'With regard to the box supposedly missing on the shipment to Schodts Motors, San Antonio, Texas, this box went forward to them from our plant on October 6 under Express Bill No. 7954. This shipment evidently was inadvertently not included with the shipment originally made.

" 'Inasmuch as the last shipment went forward on a no-charge basis, we believe that this should have told (sic) you from claim made by Schodts Motors.'

"Answer: Yes."

Objection was made to the interrogatory and the letter set forth therein on the ground that the letter was "an ex parte letter to a third person and hearsay."

In the course of the argument before the court relating to this objection, appellant's attorney made the following statement: "The plaintiff is attempting to prove by the Carver Pump Company that the entire shipment was shipped and we certainly are authorized to show that they told the intermediary carrier that they didn't ship everything."

The objection was sustained by the court. In interrogatories and answers introduced by appellee, Baillie testified that all the parts described in the Carver Pump Company invoice were contained in 38 boxes and 17 cartons, and that said boxes and cartons were delivered to the initial carrier. In the letter Baillie stated, in effect, that one box of parts "evidently was inadvertently not included with the shipment originally made."

The excluded interrogatory and answer related to a material issue. The rule is that, "Any person who takes the stand as a witness may be impeached by the adverse party by proof of prior inconsistent statements." McCormick and Ray, Texas Law of Evidence, § 338, p. 423. See also § 337, p. 422; Woodmen of the World Life Insurance Society v. Dickson, Tex. Civ.App., 133 S.W.2d 243.

Because of the error pointed out, the judgment must be reversed and the cause remanded for new trial.

Reversed and remanded.