### GRAHAM v. HOWARD.

### No. 12417.

Court of Civil Appeals of Texas. Galveston.
May 29, 1952.

Rehearing Denied June 19, 1952.

Henderson & Kirchheimer, Theo. R. Kirchheimer, of Houston, for appellant.

No appearance for appellee made in appellate court.

MONTEITH, Chief Justice.

This action was brought by appellant A. D. Graham for the recovery from appellee Guy Howard of damages alleged to have been caused by the breach of a lease contract on residential property in Houston, and the abandonment of leased premises before the expiration of the term of the lease.

Appellee alleged that appellant, in consideration of expenditures and improvements made on the leased premises, and the payment by appellee of two weeks' rental on the leased premises—paid by appellee's check, which was accepted by appellant—, acting by and through his wife, who was acting as his agent, had agreed to the termination of the rental contract and had released appellee from all damages arising therefrom.

In answer to one special issue submitted on what we deem to be sufficient evidence, the jury found that Mrs. Graham, the appellant's wife, had told Mrs. Schleppi, appellee's secretary, that it would be agreeable for appellee to terminate the lease as of March 1, 1951. Judgment was rendered that appellant recover nothing from appellee by his suit.

Appellee has filed no brief in this Court.

Appellant relies for reversal on five points of assigned error. He contends that the court erred in admitting the testimony of appellee's secretary as to a telephone conversation with appellant's wife because there was no pleading to support such testimony; that the court erred in refusing to grant his motion for judgment non obstante veredicto for the alleged reason that there is no evidence in the record that Mrs. Graham had authority to terminate said lease; that the evidence supporting the defense urged by appellee was insufficient to support the judgment in his favor; and that there was no evidence of any consideration for the defense urged by appellee, to appellant's cause of action.

It is undisputed in the record that appellee signed the lease for the premises in question. Appellee's secretary, Mrs. Schleppi, testified that, at appellee's request, she had called appellant's residence, by telephone, and that Mrs. Graham had answered; that she told Mrs. Graham that she was Mr. Howard's secretary and that she was calling Mr. Graham in regard to the rental of the leased premises at 2811 Westgate; and that Mrs. Graham had stated to her that she handled the business for Mr. Graham and that she could handle anything pertaining to their property. She testified that she had explained to Mrs. Graham that Mr. Howard would like to move from the premises and cancel his lease, and that when she asked Mrs. Graham if it would be satisfactory with them if

Mr. Howard sent Mr. Graham a check for half a month's rent and cancelled his lease and moved before the first of the coming month, Mrs. Graham said that it would be perfectly all right to vacate the property before the first of the coming month, and that it would be satisfactory if she sent Mr. Graham a check for half a month's rent. She testified that she sent the check for a half month's rent to Mr. Graham, and that it was received and cashed by appellant.

It has long been the established rule in this State that—in a case tried before a jury—a final judgment rendered by a court of competent jurisdiction is binding upon an appellate court where there was testimony in the record to support the verdict. Burrage v. Red Arrow Taxi Co., Tex.Civ.App., 123 S.W.2d 731, and authorities cited; Hodges v. Cole, Tex. Civ.App., 117 S.W.2d 822; Fort Worth & Denver City Ry. Co. v. Bozeman, Tex.Civ. App., 135 S.W.2d 275; and Petroleum Producers Co. v. Stolley, Tex.Civ.App., 137 S.W.2d 207.

The record shows that after the parties had rested, appellee, with leave of the trial court, had filed an amended answer in which he alleged that appellant, acting by and through his agent, Mrs. A. D. Graham, had agreed with Mrs. Jean Schleppi, the agent for appellee, to the termination of said rental contract.

While, ordinarily, the question of agency is an issue of fact to be determined from all the facts and circumstances surrounding the parties to a transaction, such agency may arise from the conduct of the parties as well as by express authority. Johnson v. Hays Furniture Co., Tex.Civ. App., 233 S.W.2d 934, and Daugherty v. Wiles, Tex.Com.App., 207 S.W. 900.

The courts of this State have further held that there is nothing in our laws which incapacitates a wife from acting as the agent of her husband, and, that, when authorized, her acts are as binding upon him as the authorized acts of any other person. Johnson v. Hays Furniture Co., supra, and authorities cited.

In the case of Henderson v. Jimmerson, Tex.Civ.App., 234 S.W.2d 710, 715, it is held that while neither the husband nor the wife is in law the general agent of the other, either spouse may appoint the other as agent, in which event the one so authorized may perform all acts within the scope of the authority granted except where the statutes provide otherwise, citing 23 Tex.Jur., p. 146 et seq. and page 299, Sec. 259, where it is said that, " 'The wife's separate legal entity being recognized, it follows that she may act in any representative capacity unless forbidden by law. She may be the agent for another to do any act which that other could lawfully do, and in the performance she acts precisely as would a feme sole, doing not only the principal act but every incidental or necessary one. * * * The agency may pertain to any lawful transaction, whether of contract, tort liability, conveyance or act whatsoever.' " Continuing, the court said, "In Lilly v. Yeary, Tex.Civ.App., 152 S.W. 823, 825, it is held that 'Agency on the part of the wife to act for the husband may be presumed from the acts or conduct of the parties.' The same case quoted from Walling v. Hannig, 73 Tex. 580, 11 S.W. 547, as follows: 'Marriage alone confers on the wife an agency under which she may buy necessaries for herself and children, if her husband fails to do so. *But a further agency may be presumed from the conduct of the parties.*' (Emphasis added.)"

The record reflects that appellee requested his secretary to contact appellant and find out if it was agreeable with him to terminate his lease; that she was unable to contact appellant, but did talk over the telephone with appellant's wife, who told her that it would be satisfactory for him to terminate the lease, and that she agreed, for appellant, to accept payment for half a month's rental in advance as a consideration of the termination of the lease, and that the check for the half month's rent was accepted and cashed by appellant.

Under the above facts, it must be presumed, we think, that Mrs. Graham was authorized to act as the agent for her hus-

band in authorizing appellee to terminate said rental contract.

It follows that the judgment of the trial court must in all things be affirmed.