Walter GRAHAM, Appellant,

v.

Fred McCORD, Appellee.

No. 14289.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 18, 1964.

Rehearing Denied Dec. 16, 1964.

**898**

Brown, Sparks & Erwin, Austin, for appellant.

W. Pat Camp, A. R. Sohn, San Antonio, for appellee.

POPE, Justice.

Fred McCord, while repairing an automobile in the service department of Goad Motor Company in San Antonio, was injured when Mrs. Walter Graham drove her car into the rear of the vehicle upon which he was working. McCord brought suit in Bexar County against both Mrs. Graham and her husband, Walter Graham, who reside in Randall County, Texas. After suit was filed but before service upon her, Mrs. Graham passed away. The venue hearing proceeded against Walter Graham as sole defendant, and the court overruled his plea to be sued in Randall County. The only issue raised by the briefs is whether, under Section 9a, Article 1995, Vernon's Ann.Civ. Stats., plaintiff proved a tort action against Mr. Graham. There is no evidence that his wife's tort was his tort, and the case must be reversed and ordered transferred to Randall County.

To hold defendant, Graham, in Bexar County, plaintiff had to prove, under Sec. 9a, Art. 1995, three things. One of them is "That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment." With Graham left in the case as the sole defendant, plaintiff had to prove that Mrs. Graham's tort was in law Mr. Graham's tort. This means that plaintiff had to prove that Graham was liable under principles of respondeat superior.

While a wife is not a general agent of her husband, Rankin v. Kerrville Bus Co., Tex.Civ.App., 115 S.W.2d 997, 999, a husband can make his wife his agent. Trice v. Bridgewater, 125 Tex. 75, 81 S.W. 2d 63, 100 A.L.R. 1014; Graham v. Howard, Tex.Civ.App., 249 S.W.2d 639, 641; Henderson v. Jimmerson, Tex.Civ.App., 234 S.W.2d 710, 715, 717; Hamill v. Samuels, Tex.Civ.App., 135 S.W. 746; 30 Tex.Jur. 2d Husband and Wife, § 19. It is not mere agency, however, which fixes tort liability upon a principal. Only an agent whose principal has the right of control over the agent's physical movements in the performance of the thing authorized can hold his principal liable for torts. Principals are liable for the torts of only those agents who are subject to that kind of control which also establishes the master-servant relationship. This was the rule stated by American National Insurance Co. v. Denke, 128 Tex. 229, 95 S.W.2d 370, 107 A.L.R. 409, wherein the Court quoted from Section 250 of the Restatement of the Law of Agency: "It is only when to the relationship of principal and agent there is added that right to control physical details as to

the manner of performance which is characteristic of the relationship of master and servant, that the person in whose service the act is done becomes subject to liability for the physical conduct of the actor." The agent in Denke had unquestioned authority from his principal to solicit and write insurance, and the principal held detailed control over those activities. That control, however, was not the kind of physical control which was essential to bind the principal for the agent's torts.

This was the state of the law in 1953 when Sec. 9a, Art. 1995, was added to the venue statutes. The wording of Sec. 9a shows that it was plainly intended that only those agents who fall within a master-servant relationship can bind their principals for torts. This is so because of the requirement that the servant, agent or representative must be shown to be "acting within the scope of his employment." The phrase, "scope of his employment" carries with it the requirement of control inherent in the master-servant relationship which will invoke the respondeat superior doctrine. The plaintiff, therefore, had the burden to prove that the husband had the right to control the physical conduct of his wife at the time and in respect to the very thing which caused the injury.

The evidence is that defendant, Graham, came to San Antonio from Happy, Texas, in Randall County, for the purpose of buying some cattle. His wife came with him so she could shop. She did all the driving. About nine o'clock on the morning of the accident, she drove Mr. Graham from the San Antonio hotel to the cattle sale several miles away. She told her husband to page her at Frost Brothers, where she planned to shop, if he wanted her to return and pick him up earlier than expected. He did not page her during the day and she went back for him about five in the afternoon. In the meantime, after she left him in the morning, she drove to Goad Motor Company to have some minor repairs made to the Cadillac car she was driving. When she drove in, she rammed the rear of the car that plaintiff was working on. Goad Motor checked the door hinges on the Cadillac, corrected a door vent, removed a rattle in the dash and adjusted the automatic dimmer. Mr. Graham did not know his wife was going to have any repairs made to the car and, from the record, there is nothing to show that he knew any repairs were needed. He had given her no instructions and had never heard of Goad Motor Company. He had asked her to do nothing for him except pick him up. There is no evidence of such measure of control over the wife's actions as inheres in a master-servant relationship unless we can find it supplied in some way from the marriage relationship.

The marriage relationship did not make defendant's wife his agent in the sense that he controlled her physical conduct. Marriage confers upon the wife an agency to purchase and contract for necessities. Walling v. Hannig, 73 Tex. 580, 11 S.W. 547. That, however, is not the test in the case of torts. Authority to make binding contracts does not supply the tort test for respondeat superior. In the case of torts one must have the right of control over another's physical conduct.

If these facts supply the necessary proof of control in the case of husband and wife, we have returned to the rejected family-purpose doctrine. Trice v. Bridgewater, supra. In Ener v. Gandy, 138 Tex. 295, 158 S.W.2d 989, a mother was actually riding in the car with her son who was driving to a neighboring city to play on a football team. Though sitting beside her son, the family relationship was not enough to supply the necessary element of control. It was held from the facts that she was not exercising authority over her son in such a manner as would hold either her or the child's father as principal or master in a tort action.

In our opinion, there is no evidence that the wife's tort was her husband's tort

so that the husband can be held in an action which names him as the sole defendant. The judgment must be reversed and the cause remanded to the trial court with instructions to transfer this cause to Randall County.