Robert T. GABEL, Appellant,

v.

BLACKBURN OPERATING CORP.,
Appellee.

No. 7931.

Court of Civil Appeals of Texas.

Amarillo.

May 26, 1969.

See also Tex.Civ.App., 415 S.W.2d
726.

John W. Warner, Pampa, for appellant.

Kolander & Templeton, Amarillo, for appellee.

JOY, Justice.

Suit upon sworn account against appellant, Robert T. Gabel and his ex-wife, Lois Ann Gabel, and from judgment for plaintiff against both defendants, Robert T. Gabel only has appealed.

Appellant was married on May 23, 1965, and sometime in July, 1965, appellant's wife used appellant's charge account at appellee's department store to purchase certain clothing and cosmetics. Over a period of some weeks the account amounted to approximately $546.68. Appellant and his wife were having marital problems apparently brought on by financial difficulties. Evidence was admitted that showed appellant's income to be in the neighborhood of $180.00 per month during the period the merchandise was purchased, although appellant's income had been substantially higher prior to that time. Appellant and his wife were divorced in May, 1966. Appellee brought suit against both appellant and his ex-wife upon the sworn account.

 Appellant's Point One complains of the failure of the trial court to permit testimony of the divorce judgment in reference to findings related in the judgment itself. Appellant cites as authority McCormick and Ray, Texas Law of Evidence,

Sec. 689, and International Forwarding Co. v. Schodts Motors, Tex.Civ.App., 216 S. W.2d 249, for the proposition that prior inconsistent statements may be admitted to impeach a witness. That is a correct statement of the general rule. However, appellant sought to introduce the prior divorce judgment as the prior inconsistent statement to impeach the testimony of appellant's ex-wife, who was also a codefendant in this cause. The judgment does not reflect any statements of the witness, but does set forth certain findings of the court. Although the judgment contains a signature of the lawyer representing the ex-wife of the appellant, it does not purport to contain any prior statement of the lawyer of the ex-wife. Appellant did not call as a witness the lawyer of the ex-wife in the prior divorce action in order that he might testify as to any prior inconsistency, if any, by the witness. Under the state of this record, we hold the trial court acted properly in refusing the admission of the prior judgment into evidence. In Texas Law of Evidence, McCormick and Ray, Sec. 1279, Vol. II, P. 149 it is stated:

"As a general rule a judgment in a prior case determining issues of fact will not be received as evidence of those facts in a later suit. This rule of exclusion has been consistently followed by the Texas courts. Strange as it may seem, the courts have applied here the principles of res judicata and estoppel by judgment, i. e., the former judgment is to be received only when the parties to the present case are the same as in the earlier suit or are claiming under them. * * *"

Appellant further contends that the judgment was an agreed judgment and that the ex-wife had orally agreed to the findings set out in the judgment. This, however, was denied by the ex-wife. Upon the state of the record before us the judgment was properly excluded from evidence.

 Appellant's Point Two complains of the trial court's action in overruling ap-

pellant's motion for new trial as there was no evidence that appellant made any of the purchases from appellee's department store as alleged in the pleading. It is undisputed that at the time the various charges were made at appellee's store, the appellant was married to the codefendant in this case, and actually lived with her for several months thereafter. Although a marriage relationship does not make the wife a general agent of the husband, Graham v. McCord, Tex.Civ.App., 384 S.W.2d 897 (n. w. h.), it does confer upon the wife agency to purchase and contract for necessities for which the husband will be liable. Walling v. Hannig, 73 Tex. 580, 11 S.W. 547 (1889). Art. 4614, Vernon's Ann.Texas Civil Statutes, provides that the husband has a duty to support his wife and children, as well as the wife a duty to support a husband that is unable to support himself. Therefore, it was not necessary that the appellant have actually purchased the merchandise himself to become liable for the payment therefor.

■ Points Three and Four raise the insufficiency of the evidence and the weight and preponderance of the evidence questions in reference to the classification of the merchandise purchased as necessaries. Upon a hearing had on appellant's motion for new trial, testimony was introduced to show that appellee did not handle or sell maternity clothes. The appellant's wife was some two months pregnant at the time of the purchases. Appellant's witness called to testify upon the hearing admitted that the merchandise could have been worn or used by a woman two months in pregnancy, therefore, whether or not appellee sold maternity clothes as such is immaterial. In reference to these two points and considering all the evidence as we are required to do, we think it sufficient for the jury to have found the merchandise was "necessaries".

■■ Appellant's Point Five claims error for failure to submit issues inquiring whether the merchandise was sold and delivered to defendants and whether or not the merchandise was reasonably worth the sums charged. Appellants filed a sworn denial which placed the burden upon appellee to prove its case as at common law, and part of the elements are (1) sale and delivery and (2) the amount charged was agreed upon or that the sums charged were usual, customary or reasonable. Tilley v. Capital National Bank of Austin, Tex.Civ. App., 367 S.W.2d 359 (n. w. h.) and cases cited therein. Appellant's ex-wife testified that she had made the purchases, that the merchandise was delivered to her and that the prices charged were reasonable. She further testified that her husband (appellant) had given her his charge card and told her to "buy you a wardrobe of clothes". The testimony was uncontroverted in regard to the purchase, delivery and reasonableness of the charges. It is not necessary that the trial court submit uncontroverted issues to the jury. Rule 272, Texas Rules of Civil Procedure; Wright v. Vernon Compress Co., 156 Tex. 474, 296 S.W.2d 517; Malone v. City of Plainview, Tex.Civ.App., 127 S.W.2d 201 (dismissed).

■ Appellant contends that Special Issue I and II as submitted to the jury were not supported by appellee's pleading. Special Issue I inquired whether or not appellant's ex-wife had his permission to use the charge account at the time and Special Issue II inquired whether or not the merchandise purchased was "necessaries". Appellee sued husband and ex-wife for the merchandise purchased during their marriage. Appellant in a supplemental answer set up as defenses to the suit (1) that he did not purchase the merchandise and (2) that the merchandise was not necessaries for his wife. We think that appellant's pleading fairly raised these matters of defense to the suit and that the trial court properly submitted the issues to the jury in view of the controverted evidence. Rule 277, T.R.C.P.

Being of the opinion that no reversible error is presented, we affirm the judgment of the trial court.