## FAIRBANKS et al. v. DENNETT MOTOR SALES CO.

No. 8969.

Court of Civil Appeals of Texas. San Antonio.

Jan. 18, 1933.

G. D. Fairbanks, of Brownsville, for appellants.

West & Hightower, of Brownsville, for appellee.

SMITH, J.

This action was brought against Margaret McAllen Fairbanks and her husband, G. D. Fairbanks (joined pro forma) to recover upon a garage bill for goods and services alleged to have been furnished Mrs. Fairbanks for the benefit of her separate estate, or, in the alternative, as necessaries. The jury found in response to the one issue submitted to them that "the items sued for by plaintiff herein were necessaries for defendants' family." There was no finding that the debt so contracted was "reasonable and proper," as provided in article 4624, R. S. 1925.

In response to the jury finding the court rendered judgment against both defendants, and directed issuance of execution against the separate estate of Mrs. Fairbanks or the community estate of the latter and her husband, at the option of the plaintiff. The Fairbanks have appealed.

Article 4624, R. S. 1925, is as follows: "Upon the trial of any suit as provided for in the preceding article, if it shall appear to the satisfaction of the court and jury that the debts so contracted or expenses so incurred were for the purposes enumerated in said article, *and also that the debts so contracted or expenses so incurred were reasonable and proper*, the court shall decree that execution may be levied upon either the common property or the separate property of the wife at the discretion of the plaintiff." (Italics ours.)

We are of the opinion that, in view of the provisions of the statute, appellee could not properly have execution against the community estate of the Fairbanks without a finding that the debt sued on was "reasonable and proper." Article 4624; Speer's Law of Mar. Rts. § 153; Harris v. Williams, 44 Tex. 124. The burden of eliciting such finding rested upon appellee, who, failing to meet that burden, was not entitled to recover.

The judgment is reversed, and the cause remanded.