### BROOK v. MORRISS, MORRISS & BOATWRIGHT.

### No. 9725.

Court of Civil Appeals of Texas. Austin.

May 26, 1948.

Aubrey Davee, of Brady, and Callaway & Callaway, by Gib Callaway, all of Brownwood, for appellant.

M. E. Blackburn, of Junction, and Morriss, Morriss & Boatwright, of San Antonio, for appellees.

HUGHES, Justice.

This suit is for the recovery of attorney's fees.

Morriss, Morriss and Boatwright, appellees, constitute a law firm of San Antonio, Texas. Appellant, Adelene Bevans Brook, a resident of McCulloch County, is the former wife of James M. Brook.

On January 18, 1947, appellant, while the wife of James M. Brook, employed appellees to represent her in suing her husband for divorce and for adjudication of her property rights. Appellees' compensation was to be 12½% of any recovery made by compromise and 15% of recovery by trial.

Petition for divorce was prepared by appellees, sworn to by appellant, and filed on January 21, 1947, at which time the court granted a temporary restraining order and shortly thereafter awarded appellant alimony.

Appellees actively represented appellant in the divorce suit until May 12, 1947, when she discharged them.

Other attorneys were employed by appellant and the divorce case proceeded to trial and judgment granting the divorce and awarding appellant cash and property of the value of $131,176, and attorney's fees of $3,000.

Alleging their discharge to be wrongful and without just cause, appellees prayed for recovery of 12½% of the amount recovered by appellant in the divorce suit, as provided for in the contract of employment, and in the alternative for the reasonable value of their services, alleged to be $20,-000.

Trial was before a jury, the single issue submitted being the reasonable value of appellees' services rendered appellant between the time of employment and discharge. The jury answered, "$12,000." Upon this verdict judgment was rendered for appellees in such amount and for an additional sum of $310, as to which latter sum no question is raised.

Appellant's first point is that the trial court erred in admitting certain testimony of William J. Gerron, an attorney who represented James M. Brook in the divorce suit, over her objection; such testimony and the objection thereto being:

"Q. I want to ask you now, as an attorney, whether Mr. Morriss had worked on the case to your knowledge, and whether to your knowledge there was anything that you know of, that was neglected by him that should have been done in behalf of his client?

"Mr. Gib Callaway: We object to that as calling for a conclusion about something that the witness could not know about:

"Court: I overrule the objection.

"Mr. Gib Callaway: We except.

"A. Mr. Morriss appeared very diligent in taking care of his client; I do not know of anything he left undone."

 The question propounded was really two questions in one. The first question, as to whether witness knew Mr. Morriss had worked on the case, was certainly not objectionable. It called for a fact answer, limited to the knowledge of the witness, and was material. The objection made was to the question as a whole. If an objection is made to testimony as a whole, part of which is admissible, there is no error in overruling the objection. Dabney v. Keene, Tex.Civ.App., El Paso, 195 S.W.2d 682 (writ ref. NRE); 41 Tex. Jur., 916.

 It also appears Mr. Morriss testified, without objection, that he attended to all matters that came up in the case with the "utmost diligence." By her failure to object appellant lost the right to complain, on appeal, of the admission of similar evidence over her objection. Slayden v. Palmo, 108 Tex. 413, 194 S.W. 1103.

 We are also of the opinion that the error, if any, in admitting the testimony of this witness does not require reversal under Rule 434, Texas Rules of Civil Procedure.

 Appellant's remaining assignments relate to the action of the trial court in admitting in evidence the testimony of seven practicing attorneys that appellees were all attorneys of good reputation and high standing among the members of the bar of the State of Texas and of the City of San Antonio, over the objection "that this is not such a case where reputation or character would be admissible."

Numerous authoritites are cited as sustaining these assignments, the principal case being Grant v. Pendley, Tex.Com.App., 39 S.W.2d 596, 599, 78 A.L.R. 638, which states the rule that:

"We therefore announce the rule to be that supporting evidence of good character, either for truth and veracity or honesty and fair dealing, should only be admitted in those cases where the nature of the action directly involves the character of a party, where a witness has been impeached, or where a party by his pleading or evidence charges his adversary with the commission of a crime involving moral turpitude."

The testimony objected to here is not within such rule and was admissible.

In International & G. N. Ry. Co. v. Clark, 81 Tex. 48, 16 S.W. 631, 632, a charge was approved which instructed the jury that in arriving at the reasonable value of services rendered by an attorney it should consider " * * * the capacity and fitness of plaintiffs for the required work * * *."

In Brand, Banking Com'r, v. Denson, Tex.Civ.App., 81 S.W.2d 111, 113 (writ dis.), this court quoted with approval from 6 C.J. 750–752, the rule that among the circumstances to be considered in measuring the value of services rendered by an attorney was " * * * the professional character and standing of the attorney * * *."

We, therefore, overrule appellant's assignments complaining of the admission of this testimony.

Appellees have made cross-assignments of error in which they seek to have the trial court's judgment reformed and rendered so as to award them recovery upon the contract rather than upon quantum meruit. This question was presented to the trial court by motion for instructed verdict and by motion for judgment, notwithstanding the verdict.

Appellees pleaded that the contract of employment was "fair and reasonable."

A number of attorneys, qualifying as experts, expressed opinions, in answering hypothetical questions, that the percentages stated in the contract would be a fair, reasonable and equitable fee for appellees for the legal services rendered by them to appellant from the date of employment to the date of discharge.

If the contracted fee be reasonable for performance of only part of the services contracted for, it would necessarily not be

260

unreasonable for the rendition of all the services contemplated by the contract.

The jury did not agree with the experts that the contract fee was a reasonable fee for the services performed, its verdict being for about $4,000 less than the contract fee.

No issue was submitted or requested to be submitted to the jury concerning the reasonableness of the contract fee.

Art. 4623, Vernon's Ann.Civ.St. authorizes a wife to contract for "necessaries furnished her or her children."

 Attorney's fees incurred by a wife in a divorce suit are "necessaries." 15 Tex.Jur., p. 653; Long v. Lewis, Tex.Civ. App., Amarillo, 210 S.W.2d 207 (writ ref. NRE).

Art. 4624, V.A.C.S. provides that in order for execution to run against the community property and separate property of the wife, it must appear that the debts contracted or the expenses incurred, under the preceding article, "were reasonable and proper."

The debt contracted or expense incurred must not only be for a "necessary" but must be "reasonable and proper." This fact issue must be determined from all the facts and circumstances. Speer Law of Marital Rights, 3rd Ed., p. 234; Fairbanks v. Dennett Motor Sales Co., Tex. Civ.App., San Antonio, 56 S.W.2d 474.

The attorney is entitled to recover only a reasonable fee, regardless of any agreement between himself and the wife as to the amount of the fee. 15 Tex.Jur., p. 655, citing Bord v. Stubbs, 22 Tex.Civ. App. 242, 54 S.W. 633.

There is no factual basis upon which this court can render judgment for appellees upon the contract.

There is no express finding by the jury that the compensation provided for in the contract is reasonable. Nor can any such finding be implied to the court. The implication of the court, if any, being to the contrary since it refused, upon request, to render judgment according to the contract.

The opinion testimony of experts that the contracted compensation was reasonable, although undisputed, was only sufficient to raise an issue of fact. Simmonds v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332; Scott v. Liberty Mut. Ins. Co., Tex.Civ.App., Austin, 204 S.W.2d 16 (writ ref. NRE).

Appellees pray only that the judgment of the trial court be reformed so as to allow judgment for the percentage of recovery stipulated in the contract. They do not ask for a reversal or remand. It is, therefore, unnecessary for us to determine whether a new trial should be granted in view of Rule 279, T.R.C.P., regulating submission of issues to a jury and providing for waiver of certain issues not submitted or requested to be submitted.

Appellees' suggestion that the coverture of appellant was not pleaded is without merit. Appellees pleaded that she was a married woman when the contract sued upon was executed. This was sufficient to raise the defense of coverture. Sec. 531, 3rd Ed., Speer Law of Marital Rights.

The judgment of the trial court is affirmed.

Affirmed.