John M. CASS et al., Appellants,

v.

C. C. HURST, Appellee.

No. 13548.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 25, 1959.

Dullnig & Hatch, Corpus Christi, for appellants.

Rockey Harkey, Sinton, for appellee.

BARROW, Justice.

This is a suit by John M. Cass and Troy Johnson against C. C. Hurst for recovery of a real estate commission. A summary judgment was granted in favor of defendant against plaintiffs, and John M. Cass and Troy Johnson have prosecuted this appeal.

The record shows that appellee, Hurst, on July 18, 1958, executed a real estate agent's exclusive contract, whereby he gave to W. L. Bates Company of Corpus Christi, Texas, an exclusive agency to sell certain property, for a period of thirty days. The record further shows that during said thirty-day period appellants, Cass and Johnson, acting as agents of W. L. Bates Company, under said contract secured a purchaser of the property, and a contract of sale was entered into between Hurst and one L. B. Chambers. This contract, however, was not consummated and the earnest money was paid to Hurst. On December 16, 1958, after the agency contract had expired, Hurst, the owner, and L. B. Chambers, the same purchaser, signed a new contract of sale of the same property for a slightly reduced price. This sale was consummated on January 26, 1959, and the property conveyed to Chambers.

Appellants contend that the court erred in granting appellee's motion for summary judgment, for the reason that an issue of fact was presented, in that, although the appellee entered into the contract with the purchaser which resulted in the sale after their agency contract expired, they had secured the purchaser during the life of their agency contract, and the sale was actually the result of their efforts.

Appellee filed several exceptions to appellants' petition but these exceptions were not presented and acted on by the court. The contracts were attached to the pleadings and referred to therein.

Appellee's motion for summary judgment was not verified, nor were there any affidavits supporting it. The motion was grounded alone upon the proposition that the record in the case showed that appellants' agency had expired prior to the time appellee entered into the contract with the purchaser which resulted in the sale.

Appellee contends that appellants' rights to a commission terminated when the first contract was terminated, and that the actual sale was the result of his own negotiations with the purchaser.

It is the settled law of this State that where a broker secures a purchaser during the existence of his exclusive agency, he is entitled to his commission, provided the purchaser is procured by his efforts while his contract is still in force, although the sale is actually made by the owner upon terms satisfactory to himself, though different from those provided in the contract with the broker. Goodwin v. Gunter, 109 Tex. 56, 185 S.W. 295, 195 S. W. 848; Air Conditioning, Inc. v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422. On the other hand, if the broker has been unsuccessful in his efforts to induce the buyer to purchase the property, without fault on the part of the owner, and has ceased his efforts to induce the buyer to purchase the property, then the sale is made by the owner as the result of independent negotiations directly between the owner and the buyer, or through

the medium of some other broker, and the original broker is not entitled to a commission on such sale. Air Conditioning, Inc. v. Harrison-Wilson-Pearson, supra; 7 Tex.Jur., 479, § 82.

Thus it is evident that a genuine issue of fact is presented by the record and the court erred in granting summary judgment in favor of appellee.

The judgment is reversed and the cause remanded.