**Thomas Lex CROOKS, Appellant,**

**v.**

**AERO MAYFLOWER TRANSIT COM-PANY, Inc., et al., Appellees.**

**No. 14010.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 21, 1962.

Rehearing Denied Dec. 19, 1962.

Fischer, Wood, Burney & Nesbitt, James R. Harris, Corpus Christi, for appellant.

Lyman & Sudduth, Corpus Christi, for appellees.

BARROW, Justice.

This is an appeal from a summary judgment granted defendants in a suit by Thomas Lex Crooks, for damages growing out of

the alleged conversion of household furniture by two moving and storage corporations and their authorized agent. Both sides moved for summary judgment and the trial court granted defendants' motion and entered a take-nothing judgment.

It is conceded, for the purpose of this appeal, that the furniture involved is community property. On May 18, 1961, plaintiff's wife contracted with defendants to move the furniture from Corpus Christi, Texas, to San Diego, California, and place it in storage. This contract was made without the joinder of plaintiff and the question involved, as narrowed by the parties, is whether this contract was, as a matter of law, for necessaries for his wife and three minor children. Arts. 4619, 4621, 4623, Vernon's Tex.Civ.Stats. The motions for summary judgment were based upon depositions of plaintiff, his wife, and Phillips Dudley, who was sued individually, and was the authorized agent of the two defendant moving corporations. The trial court also considered affidavits from the attorneys for both parties, as well as the attorney who had represented Mrs. Crooks in her marital difficulties.

.Plaintiff, a Lieutenant Commander in the Navy, and his wife owned their home in Corpus Christi and had lived there since the latter part of 1958. They were married in 1946, but had separated for a short time in 1952. In 1960 they again started having marital difficulties and she employed the Hon. Jack Blackmon and consulted with him several times. On May 18, 1961, she determined to permanently separate from Commander Crooks. She decided to go with the children and live with her mother in San Clemente, California, until her marital situation was settled. Mrs. Crooks contacted Dudley on this date and executed the contract with defendants. Plaintiff was not aware of his wife's plans until late in the afternoon of May 18th, when he went by the house and discovered the moving operation well underway. The packers complied with his order to stop further loading, but refused to replace the furniture already in the moving van. A few days thereafter this furniture in the van was transported to San Diego and stored. About three weeks later the plaintiff and his wife were reconciled. Upon the refusal of defendants to return the furniture without payment of charges, this suit was filed.

The general rule is that whether or not a contract executed by the wife is for necessaries is a question of fact to be determined from the facts and circumstances of each particular case. Walling v. Hanning, 73 Tex. 580, 11 S.W. 547; Allied Finance Co. v. Butaud, Tex.Civ.App., 347 S.W.2d 366, no writ history; 30 Tex.Jur., 2d, § 13. We cannot say that the facts and circumstances in this case as shown by the depositions and affidavits resolve this issue for either party as a matter of law. A fact issue is raised as to whether under all the facts and circumstances in this case the contract executed by Mrs. Crooks to transport and store the furniture in California was for necessaries for herself or the minor children. It is fundamental that a summary judgment is not proper for either party if the evidence raises an issue of fact to be determined by the court or jury. Arlington Ind. School District v. James T. Taylor & Son, Inc., Tex.Civ.App., 322 S.W.2d 548, 160 Tex. 617, 335 S.W.2d 371; Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93.

The judgment of the trial court is reversed and the cause remanded.