Ray JUNEAU et al., Appellants,

v.

Harry W. MILAM et ux., Appellees.

No. 16106.

Court of Civil Appeals of Texas.

Dallas.

Feb. 15, 1963.

Rehearing Denied March 15, 1963.

Wells & Power, Charles C. Wells, Dallas, for appellants.

Prescott & Prescott, Dallas, for appellees.

WILLIAMS, Justice.

Appellants appeal from the order of the district judge granting a summary judgment against them in their action against appellees to recover real estate agent's commission. Ray Juneau and Charles Rains brought this suit against Harry W. Milam and wife Loretta P. Milam alleging that plaintiffs were licensed real estate brokers and had entered into a written contract whereby the defendants granted to the plaintiffs the exclusive right to sell certain property located in the City of Irving, Texas, said exclusive agreement extending from February 22, 1961 to April 22, 1961. Plaintiffs alleged that during this period plaintiffs had secured a prospective purchaser for said property, same being a Mr. and Mrs. John Murray; that plaintiffs took the Murrays to the property on several occasions and showed the house to them; that while the sale was not consummated during the term of the agreement the defendants entered into a separate contract with said Murrays during the term of the exclusive contract with plaintiffs, and then sold said property to the Murrays by a consummated sale following the termination of the exclusive agreement. Plaintiffs allege that they were the procuring cause of the sale and sought judgment for their commission.

Defendants answered with a general denial. Defendants filed their motion for summary judgment (Rule 166–A Texas Rules of Civil Procedure) alleging no issue of fact existed and, in support of said motion, attached purported affidavits of appellees and also affidavit of Mr. and Mrs. Murray. Appellants filed a controverting affidavit which denied all of the matters set forth by appellees. The trial court, considering the pleadings, affidavits, and argument of counsel, sustained the motion for summary judgment.

Appellants appeal contending in their sole point that the trial court erred in granting appellees motion for summary judgment because the pleadings and the affidavits on file conclusively demonstrate a disputed fact issue.

█ As we pointed out in Little v. Employees Security Life Insurance Company, Tex.Civ.App., 343 S.W.2d 517, and later in Seale v. Muse, Tex.Civ.App., 352 S.W.2d 534, our Supreme Court, in the case of Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (following this court in 243 S.W.2d 220), illustrates with crystal clarity the duty on the part of the trial court and appellate judges in weighing the questions presented by summary judgment motions under Rule 166–A, T.R.C.P. There, our Supreme Court pointed out that it is the duty of the court hearing the motion to determine if any issues of fact are presented but not to weigh the evidence and determine its credibility, and thereby try the case on affidavits. The court also laid down the rule that any doubt existing concerning the propriety of such motion must be resolved against the moving party. The movant has the burden to conclusively negative the existence of any genuine issue in regard to controlling facts.

■ Before proceeding further with the consideration of the basic question we observe that appellees' affidavits in support of their motion for summary judgment, as well as appellants affidavit controverting said motion, are, in our opinion, defective, in that they do not comply with the plain and express directions set forth in Rule 166–A(e) T.R.C.P., by alleging that said affidavits were made on the personal knowledge of the affiant, nor do they affirmatively show that the affiant is competent to testify as to the matter stated in said affidavits. These matters are essential to comply with Rule 166–A, T.R.C.P. Crofford v. Armstrong, Tex.Civ.App., 342 S.W.2d 607; Quarles v. State Bar of Texas, Tex.Civ.App., 316 S.W. 2d 797; Anderson v. Hake, 300 S.W.2d 663. However, this record demonstrates that no complaint concerning the sufficiency of the affidavits was urged in the trial court, nor do we find any complaint made here. Lobit v. Crouch, Tex.Civ.App., 293 S.W.2d 110; Farmers & Merchants Compress & Warehouse Company v. City of Dallas, Tex.Civ. App., 335 S.W.2d 854.

■ Assuming, without deciding, that the affidavits of both appellants and appellees are sufficient, we have carefully reviewed the same and reached the conclusion that, when examined in the light of the rule established by the Supreme Court as recited above, issues of fact are presented which should have been submitted to a trier of fact. Such being true the trial court fell into error and the judgment sustaining the summary judgment must be reversed.

The purported affidavit of Harry W. Milam and wife Loretta P. Milam merely states that they admit the exclusive sales contract with Rains and Juneau but contend that appellants "Did not procure a buyer for said property during the time of the contract." They then state that on April 23, 1961, following the expiration of the exclusive contract, they placed an advertisement in the newspaper offering said property for sale and that after said ad appeared they were approached by Mr. and Mrs. Murray who, on April 28, 1961, purchased the property. The affidavit further states: "We entered into no contract for t..e sale of the house and lot, oral or wirtten, prior to April 28, 1961, with John C. Murray and Betty Murray."

The affidavit of John C. Murray and wife Betty Murray states: "We entered into an agreement to purchase the property from Harry W. Milam and Lorretta P. Milam on April 28, 1961." And: "We did not enter into any agreement to purchase the property either written or oral, prior to April 28, 1961."

The controverting affidavit of Ray Juneau states that all of the statements made by Milam and his wife in their motion for summary judgment are untrue, except the dates of the contract of sale. The affidavit then continues: "In particular, this Plaintiff would state that the allegation that the Contract was not in force or effect at the time of the sale is untrue; on the contrary, the Plaintiff had secured a Purchaser during the time said Contract was in effect, and had shown the property on three (3) occasions, and said Purchasers were ready, willing and able to buy the subject property. On the last occasion, when Plaintiff showed the property to the Purchasers MURRAY, the Defendant Mrs. HARRY W. MILAM stated openly before all the Parties that the Contract was about to expire and that she preferred to hold the property until it did expire and then make the sale. Plaintiff would particularly show the Court in this Affidavit that he and his company were the procuring cause of the sale that was consummated, although it was fraudulently consummated after the expiration of the exclusive Contract between the Parties to this suit."

It is interesting to note that in the affidavit of the purchasers Mr. and Mrs. Murray they do not deny that appellants had shown them the property on three occasions nor is there any allegation by them that they were not ready, willing and able to purchase the property during the period of the exclusive sales contract.

Both parties rely upon the case of Cass v. Hurst, Tex.Civ.App., 329 S.W.2d 450, as correctly announcing the law governing this matter. In that case the San Antonio Court of Civil Appeals, in considering a similar question said:

"It is the settled law of this State that where a broker secures a purchaser during the existence of his exclusive agency, he is entitled to his commission, provided the purchaser is procured by his efforts while his contract is still in force, although the sale is actually made by the owner upon terms satisfactory to himself, though different from those provided in the contract with the broker. Goodwin v. Gunter, 109 Tex. 56, 185 S.W. 295, 195 S.W. 848; Air Conditioning, Inc. v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422. On the other hand, if the broker has been unsuccessful in his efforts to induce the buyer to purchase the property, *without fault on the part of the owner,* and has ceased his efforts to induce the buyer to purchase the property, then the sale is made by the owner as the result of independent negotiations directly between the owner and the buyer, or through the medium of some other broker, and the original broker is not entitled to a commission on such sale. Air Conditioning, Inc. v. Harrison-Wilson-Pearson, supra; 7 Tex.Jur. 479, § 82.

"Thus it is evident that a genuine issue of fact is presented by the record and the court erred in granting summary judgment in favor of appellee." (Emphasis supplied).

In 9 Tex.Jur.2d pages 750–751, Sec. 60, the rule is reiterated that the failure or refusal of the principal to consummate a deal does not prevent the broker from recovering a commission earned by procuring a ready, able and willing purchaser on terms agreeable to the owner, or by procuring a purchaser with whom the principal enters into a contract of sale.

In the light of the record made, and the law applicable thereto, we find that the trial court was not justified in impliedly finding that no issue of fact was presented by the motion and affidavits. On the contrary, such record clearly demonstrates obvious issues of fact which must be determined upon a trial.

The judgment of the trial court is reversed and remanded.