Fancher ARCHER, Appellant,

v.

Nova Dean BLAKEMORE et vir, Appellees.

No. 11066.

Court of Civil Appeals of Texas.

Austin.

April 17, 1963.

Rehearing Denied May 8, 1963.

John E. Allen, L. Hamilton Lowe, Austin, for appellant.

Kuykendall & Kuykendall, Austin, for appellees.

HUGHES, Justice.

This is a suit involving the amount of attorney's fee appellant Fancher Archer, an attorney, is entitled to receive from his former client, Nova Dean Blakemore, for representing her in divorce proceedings against her former husband, Hurley Griffith.

On September 20, 1960, the parties entered into the following agreement:

"THE STATE OF TEXAS
"COUNTY OF TRAVIS
　　　　　"September 20, 1960
"I, Nova Dean Griffith, having heretofore and do hereby employ Fancher Archer of Archer & Archer, Attorneys, 206 Littlefield Building, Austin, Texas, to represent me in preserving, keeping and managing my separate property and my community property of the community of Nova Dean Griffith and Hurley Griffith, my present

husband, and having employed him to file suit and take such other action and steps by suit or otherwise to preserve and protect my property.

"AND for and in consideration of the services rendered and to be rendered to me by the said Fancher Archer, I agree and obligate myself to pay him one-fourth (¼) of whatever property either personal, real, or money which shall be determined to be mine either through settlement or suit and I agree to pay costs of court.

"This I make as a power of attorney to Fancher Archer, to represent me and in my name to do all things necessary to manage, control and protect my interests and property.

"/s/ Nova Dean Griffith"

On the same day appellant filed an amended petition for divorce on behalf of appellee in which attorney's fees in the sum of $1000.00 was sought.

By an instrument dated October 17, 1960, Hurley Griffith submitted a list of property owned by him.

On November 21, 1960, the parties to the divorce suit entered into a property settlement in anticipation of a divorce by the terms of which appellee received some forty-three shares of stock in various insurance companies, household furniture and effects, one-half interest in all bank accounts and a one-half interest in the East 26' of Lot 2 and the West 20' of Lot 2 and all of Lot 1, Block 157, original City of Austin, Travis County, such realty being subject to certain debts. Such agreement also provided that, "Attorneys' fees in the sum of $500.00 shall be paid by Hurley Griffith to Archer and Archer, Attorneys; and all other attorney fees shall be paid by the respective parties to his or her attorney."

On November 22, 1960, judgment of divorce was awarded appellee and the prop-

erty settlement between her and her husband was explained by the Court, and because of which the Court found that there "is no necessity for adjudicating any property rights of the parties."

On the same day, and before leaving the Courthouse and while the relationship of attorney and client between the parties hereto was in effect, appellee executed and delivered to appellant a general warranty deed to an undivided ¼ interest in and to the realty above described in consideration of the "legal services rendered pursuant to contract of employment," $10.00 and other good and valuable considerations.[1]

It is this deed which appellee filed this suit to cancel. Her grounds for cancellation were that it was executed while the fiduciary relationship of client and attorney existed between her and appellant when it was executed; that she did not understand its nature and effect; that appellant had been paid a fee of $600.00 for his services in representing her in the divorce suit, which was a reasonable fee; that the value of the property conveyed by such deed was $7000.00, and that unless set aside it would result in appellant receiving an unreasonable and exorbitant fee for his services. She further alleged that if appellant is "entitled to any additional fee, she stands ready to pay said additional fee."

Appellant's answer consisted of a general denial and affirmative allegations to the effect that the deed sought to be cancelled was executed in consummation of the contract of employment as attorney for appellee the obligations of which appellant had fully performed.

Trial was to the Court without a jury. Judgment was rendered cancelling the deed in question, decreeing the sum of $1000.00 as reasonable attorney's fees for appellant for legal services rendered by him for appellee in the divorce suit filed against Hur-

---

1. Appellant has waived his interest in all property set aside to appellee in the divorce settlement except as to the property described in the executed deed to him. This waiver was in consideration of the $500.00 fee paid him by Hurley Griffith.

ley Griffith, and, $600.00 of such fee having been paid, rendering judgment for appellant against appellee for the sum of $400.00.

Appellant only has perfected an appeal. Appellee did not perfect an appeal from the judgment insofar as it was adverse to her. It follows that we have no authority to consider appellee's cross assignments complaining of the $400.00 judgment against her. Cline v. Cline, 323 S.W.2d 276, Houston Civil Appeals, writ ref., n. r. e.

It is our opinion that the judgment of the Trial Court should be affirmed.

The evidence shows, and there is no contention to the contrary, that appellant fully, faithfully and satisfactorily performed all of his obligations to appellee under his contract of employment with her. The only question to be considered is the reasonableness of the contracted compensation to be paid him.

Appellant, of course, knew that appellee was a married woman when he contracted with her for attorney's fees. He was charged with knowledge of the law which restricts the authority of a married woman to contract. In this instance the right of a feme covert to contract is based solely upon the ground that the employment of an attorney to represent her in a divorce suit against her husband is a contract for "necessaries" under Arts. 4614, 4621, 4623, which are "reasonable and proper" under Art. 4624, Vernon's Ann.Civ.St. 30 Tex.Jur.2d, Husband and Wife, Secs. 12, 13, pp. 26–30, Brook v. Morriss, Morriss and Boatwright, 212 S.W.2d 257, Austin Civil Appeals, Couch v. Couch, 315 S.W.2d 64, Waco Civ. App., writ dism.

The least value which the property conveyed by appellee to appellant by the deed in suit could have, under this record, is $2,770.74. This amount added to the $600.-00 paid appellant would represent a fee of $3370.74. There is evidence in the record that a reasonable fee for the services performed by appellant would be between $500.-00 and $750.00.

The record here fully discloses the nature and extent of legal services performed by appellant. The Trial Court under these circumstances, the trial being non-jury, was authorized to find the amount of reasonable attorney's fees. Ferrous Products Co. v. Gulf States Trading Co., 323 S.W.2d 292, Houston Civil Appeals, aff. 160 Tex. 399, 332 S.W.2d 310.

All of appellant's points, except the last one, relate to the insufficiency or complete lack of evidence or pleadings of fraud. We agree that there is neither pleading nor proof of actual fraud in this case. It is not a case of fraud. It is simply a case of the right of an attorney to collect attorney's fees under a contract with a married woman.

Appellant's last point, 10th, was that the Court erred in not sustaining his exception to the following allegation in appellees' pleading on the ground of immateriality and irrelevancy:

" 'This plaintiff alleges that she did not understand that the instrument executed by her to Fancher Archer, which instrument is dated November 22, 1960, and recorded in Volume 2249, page 252 of the Deed Records of Travis County, Texas, was a conveyance of a community interest in the property described therein.' "

This pleading was probably made in anticipation of a defense based on ratification or affirmance of the contract by the execution of the deed. We do not find pleading or proof by appellant raising such defense, but, if so, there is evidence to sustain an implied finding by the Trial Court that such ratification or affirmance was not established.

It is our opinion that the contract of employment having been found invalid and beyond the authority of appellee to execute, that the deed made in consummation of such contract was properly cancelled by the Trial Court.

Appellee in accordance with sound principles of equity has expressed her willingness to pay appellant just compensation for his services. This amount has been fixed by the Trial Court and no attack is made upon its adequacy by appellant. We, therefore, affirm the judgment rendered below.

Affirmed.

ARCHER, C. J., not sitting.