Frances **LEVENSON**, Appellant,

v.

**Maidie R. ALPERT**, Appellee.

No. 14443.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 16, 1966.

Carl Raymond Crites, Thomas H. Peterson, San Antonio, for appellant.

Lagerquist, Shaw & Davis, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted by appellant, Frances Levenson, against appellee, Maidie R. Alpert, now Maidie R. Fleischer, seeking to recover the sum of $2,752.50 damages, and $850.00 attorney's fees, alleged to be owing by appellee to appellant by virtue of appellant's finding a ready, willing and able purchaser of appellee's property, pur-

suant to a real estate listing contract written and signed by appellee, and by virtue of appellee's refusal to pay the agreed real estate commission.

Appellee filed a motion for summary judgment in this case, and appellant filed a controverting affidavit and a counter-motion for summary judgment. The trial court granted appellee's motion, denied appellant's motion, and rendered judgment that appellant take nothing against appellee by her suit and pay all costs of court, from which judgment Frances Levenson has prosecuted this appeal.

The listing contract involved herein is as follows:

"October 5, 1963
San Antonio, Texas

I agree to sell for the sum of $42,875, the property located north of 5150 and south of 5210 Blanco Rd and being the only property owned by me on Blanco Rd. I agree to pay Frances Levenson a commission of 6% for the sale said property. Commission to be paid upon closing. This listing is an exclusive listing for a period ending October 12, 1963 after which this agreement is null and void.

I agree to furnish marketable title and prorate taxes to date of closing.

Terms of payment to be at my approval.

Maidie R. Alpert"

It is the contention of appellee that the last provision of the contract gave her the right to approve or disapprove the earnest money contract, that she did not approve it, and therefore appellant was not entitled to her commission. Appellee further contends that this last provision rendered the listing contract void for uncertainty and vagueness.

■ The listing contract meets the requirements of Art. 6573a, § 28, Vernon's Ann.Civ.St. It has been held that there are only four requirements of a valid listing contract, to-wit: (1) It must state the name of the broker to whom the commission is to be paid. (2) It must promise that a definite commission will be paid, or must refer to a written commission schedule. (3) It must be in writing and must be signed by the person to be charged with the commission. (4) It must, either itself or by reference to some other existing writing, identify with reasonable certainty the land to be conveyed. See Tidwell v. Cheshier, 153 Tex. 194, 265 S.W.2d 568; Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222; Buratti & Montandon v. Tennant, 147 Tex. 536, 218 S.W.2d 842, 9 A.L.R.2d 742; Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150; Watson v. Brazelton, Tex.Civ.App., 176 S.W.2d 216.

■ The listing agreement herein contains all of the requirements. The last provision does not render the agreement void for vagueness and uncertainty; it means that appellant would have to find a purchaser ready, able and willing to purchase the land for cash, or upon terms approved by appellee. In her affidavit appellant states that she found such a purchaser, and if she has done so, she is entitled to her commission. It is true that the earnest money contract introduced in evidence calls for part cash and part credit, but appellant says the reason these terms were written in the contract was because they were suggested by appellee. It is plain that appellee never signed the earnest money contract. The controverting affidavit of appellant is sufficient to raise a fact issue as to whether or not appellant produced a purchaser who was ready, able and willing to purchase this land for cash or upon such terms as might be agreeable to appellee. Golden v. Halliday, Tex.Civ.App., 339 S.W.2d 715.

■ The fact that both parties filed motions for summary judgment does not mean that the court is at liberty to grant one or the other, and that in such event only questions of law are presented. Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93;

Crooks v. Aero Mayflower Transit Co., Tex.Civ.App., 363 S.W.2d 191; Arlington Ind. School Dist. v. James T. Taylor & Son, Tex.Civ.App., 322 S.W.2d 548, affirmed, James T. Taylor & Son v. Arlington Ind. School Dist., 160 Tex. 617, 335 S.W.2d 371. The test is whether a fact issue to be decided by the court or jury is raised. If so, no summary judgment should be entered but a trial on the merits should be had.

The judgment is reversed and the cause remanded.