**Maidie R. Alpert FLEISCHER, Appellant,**

v.

**Frances LEVENSON, Appellee.**

**No. 14567.**

Court of Civil Appeals of Texas.

San Antonio.

March 8, 1967.

Rehearing Denied April 5, 1967.

Lawrence Fleischer, San Antonio, for appellant.

Crites, Ellington, Peterson & Studer, Carl Raymond Crites, Thomas H. Peterson, San Antonio, for appellee.

BARROW, Chief Justice.

This suit was filed by appellee, a real-estate broker, to recover from appellant owner a real estate commission and attorney's fees under a written listing agreement. On a prior appeal this Court held that the listing contract met the requirements of Art. 6573a, § 28, Vernon's Ann. Civ.St., and remanded the cause for determination of the fact issue of whether the broker produced a purchaser who was ready, willing and able to purchase the listed property for cash, or upon such terms as might be agreeable to owner. See Levenson v. Alpert, Tex.Civ.App., 399 S.W.2d 955, no writ.

The trial court found, after a non-jury trial, that pursuant to the listing agreement appellee had found a purchaser for appellant's property who was ready, willing and able to purchase said property for cash or upon such terms as might be agreeable to appellant. Judgment was accordingly entered that appellee recover her commission in the sum of $2,572.50, together with the stipulated attorney's fee of $1,000.00. No formal findings of fact or conclusions of law were filed under Rule 296, Texas Rules of Civil Procedure.

The listing agreement was executed on October 5, 1963, and gave appellee an exclusive listing for a period ending October 12, 1963. Appellant agreed to sell the described property for the sum of $42,875. The agreement provided: "Terms of payment to be at my approval." It is undisputed that, within the exclusive period, appellee secured a purchaser who submitted an earnest money contract whereby he agreed to pay this sum upon certain stated terms.

 Appellant urges, under her first point, that since she did not accept the

earnest money contract tendered to her there was no evidence[1] that the terms of payment were acceptable to her. This point is without merit, in that appellee testified that the earnest money contract was prepared in accordance with terms suggested by appellant in a conversation with appellee a few days after the listing agreement was signed. This testimony, although disputed by appellant, supports the finding of the trial court. Furthermore, appellant admitted that appellee had told her that the purchaser was ready either to pay cash or to arrange whatever terms appellant desired. The contractual right to approve the terms of payment did not give appellant the right to arbitrarily refuse to state what terms were acceptable. Atomic Fuel Extraction Corp. v. Slick's Estate, Tex.Civ.App., 386 S.W.2d 180, writ ref'd n. r. e., 403 S.W.2d 784.

 Appellee's right to a commission was earned when she produced, within the listing period, a purchaser who was ready, willing and able to purchase the property for cash or upon any terms appellant might desire. Maloney v. Strain, Tex.Civ.App., 410 S.W.2d 650, no writ; Juneau v. Milam, Tex.Civ.App., 365 S.W.2d 422, writ ref'd, n. r. e.; Golden v. Halliday, Tex.Civ.App., 339 S.W.2d 715, writ dism'd.

 Appellant complains, by her other points, that the earnest money contract submitted by appellee contains terms which are not in the listing agreement and to which she never agreed. Specifically, she complains of the requirements that she furnish an "Owner's Certificate of Title Guaranty," as well as a survey of the property, that the note given in partial payment of the purchase price "is not to be secured by a lien," and that appellant "warrants that this property is zoned 'D' by the City of San Antonio."

1. This point is couched in the language of an "insufficient evidence" point, however, on oral argument, appellant's counsel stated that a "no evidence" point is intended.

■ The listing agreement provides only that appellant agrees "to furnish marketable title." Appellee testified, however, that the price of $42,875 was set so that appellant would end up with a net of $40,000, after deducting the real estate commission and expense of the title policy, including a survey of the property. No problem is presented as to the warranty that the property is zoned "D" in that, under the uncontradicted evidence, the property is so zoned.

■ The earnest money contract provided for a cash payment of $12,500, together with a note in the amount of $30,375, payable as follows: the sum of $8,375, plus interest, on January 15, 1964, and thereafter the sum of $5,500, plus interest, annually "until said note is paid in full." The purchaser did not want a lien on the property and therefore agreed to pay the entire amount of the note, plus interest, to the National Bank of Commerce to be held in escrow. The escrow agreement provided that appellant, at her option, could receive the entire sum at any time. Appellant complains that this clause had the effect of making the entire amount taxable, and that she was interested in securing the tax benefit of a capital gain. Appellee testified that these terms were suggested by appellant, and it is obvious that the purchaser would not be affected by the removal of the option given appellant.

■ It is seen that none of the requirements complained of by appellant conflict in any way with the terms of the listing agreement. The testimony of appellee supports the finding of the trial court that the purchaser was ready, willing and able to purchase the property upon such terms as might be agreeable to appellant. Appellee thereby earned the commission as provided in the exclusive listing agreement.

The judgment is affirmed.