**Charles E. JONES, d/b/a Southwest Real Estate, Appellant,**

v.

**A. E. AMMETER, Appellee.**

No. 17525.

Court of Civil Appeals of Texas, Dallas.

Dec. 24, 1970.

DeWitt O. Dunaway, Dallas, for appellant.

Richard N. Currin, Harrison, Curtis & Cooper, Dallas, for appellee.

BATEMAN, Justice.

This is an appeal from a summary judgment denying the appellant recovery of a real estate brokerage commission. He sued on an exclusive listing agreement dated December 16, 1968 which gave him the exclusive right for a period of 90 days from that date to sell certain real estate described therein and owned by the appellee for $20,000 "or for any other price or terms that may be acceptable to" appellee, who agreed to pay a commission of six per cent on the total price if appellant should find a buyer ready, able and willing to buy "on the above terms." The listing agree-

ment contained a somewhat detailed description of the house, the amount of the mortgage thereon, and opposite the word "Possession" we find the word "Open." This was the only provision in the listing agreement with regard to the date or time that possession would be surrendered by appellee to a buyer.

At some time prior to January 28, 1969, appellant submitted to appellee a sales contract signed by potential purchasers, which was returned unsigned by appellee with a letter dated January 28, 1969 stating that he would give possession of the property "from 3 to 4 months after buyer's loan is approved" and stating other conditions.

On February 13, 1969 appellant obtained and submitted to appellee a purchase contract signed by other potential buyers to purchase the property at the stated price of $20,000 and providing that appellee should give possession on March 10, 1969. This was rejected by appellee because the date of possession was unacceptable to him.

On May 16, 1969, after the 90 day exclusive listing had expired, appellee sold the property to a buyer not produced by appellant, giving possession on June 18, 1969, and paid a commission to another broker.

The above facts are established by appellee's affidavit and his answers to interrogatories propounded to him by appellant pursuant to Rule 168, Vernon's Texas Rules of Civil Procedure, and the documentary evidence mentioned above.

■ Appellant's first point of error on appeal is that the summary judgment was erroneous because the motion was supported only by appellee's affidavit and his answers to the interrogatories. He argues that this evidence, coming from an interested party and being uncorroborated by other testimony, only raises an issue of fact, citing Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.1965), wherein at page 47 the court lists the several burdens assumed by a movant for summary judg-

ment. Appellant relies on that part of the opinion which reads:

"If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. Cochran v. Woolgrowers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1943)."

Appellee calls our attention to the fact that the next sentence following the above quotation is:

"This exception is especially true where the opposite party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so."

We overrule appellant's first point of error, holding that appellee's affidavit and his sworn answer to the interrogatories served upon him are clear, direct and positive; there being no circumstances in evidence tending to discredit or impeach the same, bringing the case clearly within the exception mentioned above. Moreover, appellant's affidavit filed in answer to the motion for summary judgment does not dispute such facts and he states them as the established facts of the case in his brief.

As we view the undisputed facts, appellant was unable to produce a purchaser willing to buy the property unless appellee would give possession at a date substantially earlier than was agreeable to him. The listing agreement did not specify when appellee would surrender possession, but left the matter "open." Therefore, the two contracts which appellant submitted were in the nature of offers to purchase which appellee rejected, as he had a right to do. See Clark v. Ingram, 445 S.W.2d 780, 783 (Tex.Civ.App., Dallas 1969, writ ref'd n.r.e.); Quaile v. McArdle, 244 S.W.2d 695 (Tex.Civ.App., San Antonio 1951, writ ref'd n.r.e.); and Levenson v. Alpert, 399 S.W.2d 955, 956 (Tex.Civ.App., San Antonio 1966, no writ).

 Appellant argues under his second point of error that the contract provision about the matter of possession being "open" makes the contract ambiguous, leaving it to be determined as a matter of fact upon the trial of the case just what was intended by the parties. We overrule this point of error also, because in our opinion the provision could have only one meaning: i.e., that the matter of the time appellee would give possession was open to negotiation.

Finding no reversible error, we affirm the judgment.